704 A.2d 546

CAROL A. MENICHELLI, INDIVIDUALLY AND GUARDIAN AD LITEM OF RICHARD MENICHELLI, JR., AN INFANT, PLAINTIFF–APPELLANT, v. MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT–RESPONDENT.

Argued October 20, 1997—Decided December 17, 1997.

*Charles J. Casale, Jr.,* argued the cause for appellant (*Casale and Popp,* attorneys).

*Robert P. Casey*, argued the cause for respondent (*Lenox, Socey, Wilgus, Formidoni & Casey*, attorneys).

PER CURIAM.

We granted certification, 149 *N.J.* 34, 692 *A.*2d 47 (1997), primarily to consider whether this case calls for an exception to the general rule that permits, within the two-year contestability period, rescission of a life insurance policy when the insured has made material misrepresentations in applying for the policy. Plaintiff urges that there be such an exception when the policy is required by a divorce judgment and serves the purpose of securing child support or education obligations after a divorced parent's death.

Plaintiff is the beneficiary, in trust for her minor son, of a $100,000 life insurance policy that her former husband purchased in order to comply with the terms of a divorce judgment. On his application, her former husband misrepresented that he was not a cigarette smoker. After his death, which occurred within the contestability period, the defendant insurance company learned that he had been a cigarette smoker. It sought to rescind the policy on the basis of our opinion in *Massachusetts Mutual Life Insurance Co. v. Manzo*, 122 *N.J.* 104, 584 *A.*2d 190 (1991). We held in that case that misrepresentations that materially affect a carrier's acceptance of risk entitle the carrier to rescind an insurance policy, rather than merely recover the difference between the premium the insured would have paid but for the misrepresentation and the premium the insured actually paid. *Id.* at 110–11, 584 *A.*2d 190. Plaintiff does not dispute that a misrepresentation as to whether an insured smokes is one that materially affects either the acceptance of the risk or the hazard assumed by an insurance company. She urges, however, that when life insurance policies are purchased pursuant to a court order, an exception to the rule of rescission should apply when facts concerning the misrepresentation existed at the time of the application and

the insurance company issuing the policy could have discovered those facts through reasonable investigation.

The Appellate Division, like the trial court, declined to create such an exception and allowed rescission. It observed, in its unreported opinion,

Plaintiff correctly notes that life insurance requirements are a common element of divorce judgments where child support or alimony are provided during the lifetime of the parties. Nevertheless, the exception plaintiff seeks would create a disincentive to honesty and truthfulness on the part of matrimonial litigants who are required to obtain life insurance.[1]

Were we to allow such an exception, applicants could gamble that they would live until the policy became incontestable, risking only that their estates would bear the extra premiums required to cover the higher rating costs in the event the insurance company discovered a material misrepresentation within the period of contestability. Finding no support for such an exception, the Appellate Division declined to create one. We also decline to create one for substantially the same reasons.

As did the Appellate Division, we assume that plaintiff and her minor child may have a remedy against her former husband's estate. Because in some cases (and perhaps it will be so in this case), that remedy may be of little practical value, we encourage family practitioners and family court judges to examine closely the circumstances under which matrimonial litigants use life insurance policies to secure the payment of support. A court may consider including in such a decree a provision that a party benefitted by such a policy be furnished with a copy of the policy and the application as a means of detecting any misrepresentation. Courts might also require insureds to show their beneficiaries periodic proof of fulfillment of premium obligations.

We realize that this may not be a complete answer because, depending on their circumstances, a former spouse may have no

---

[1] Plaintiff also notes that parties routinely use life insurance policies to secure a variety of other legal obligations, such as tax liabilities, stock purchase agreements and estate administration obligations.

way of knowing whether the other party is smoking or behaving in any other way that would create a materially different risk profile than the one the insurance company created based on the insured's misrepresentations. At oral argument, the parties discussed whether one might seek to bargain for an incontestability clause in the policy or demand that an insurance company examine a prospective insured to determine insurability. Because the record in this case sheds no light on that subject, we must leave it to future litigants and the insurance industry to determine whether those options are plausible.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.